James W. BUCHANAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18S04–0105–CR–238.

Supreme Court of Indiana.

May 10, 2002.

Geoffrey A. Rivers, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Adam Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Transfer

DICKSON, Justice.

■ The defendant, James W. Buchanan, was convicted and sentenced to fifty years for child molesting as a class A felony[1] and determined to be a sexually violent predator required to register indefinitely as a sex offender.[2] The Court of Appeals reversed and remanded for a new trial finding that evidence was erroneously admitted in violation of Indiana Evidence Rule 404(b). *Buchanan v. State,* 742 N.E.2d 1018 (Ind.Ct.App.2001). We granted transfer. *Buchanan v. State,* 753 N.E.2d 13 (Ind.2001). We find the admission of the evidence, though erroneous, does not require reversal in light of the substantial other evidence supporting the jury's verdict.

The defendant's conviction arises from an incident while he was baby-sitting five-year old H.B. The defendant took H.B. swimming in the river in the woods behind his house. H.B. returned home without her original clothing. A few days afterwards, H.B. told her mother that the defendant had licked her between her legs after she had been swimming. Police and medical authorities were notified. During a physical examination of H.B., she told the examining physician that an older man had taken pictures of her while she was naked and had licked her private area. Two law enforcement officers then interviewed the defendant and, after informing the defendant of his *Miranda* rights and obtaining his written waiver, they videotaped their interview with the defendant. During the videotaped interview, the defendant told the officers that he was a pedophile and obsessed with young girls, especially nude young girls. Record at 403, 477–78, 498–500. After the interview, the police obtained a warrant to search the defendant's home.

Executing the warrant, the police found an assortment of drawings, and postcards depicting nude or semi-nude young girls, a magazine containing nude photographs of women and titled "Little Girls," and a digital zoom video camera. The defendant was arrested and taken to the Delaware County Jail where, after again being informed of his *Miranda* rights, he was further interviewed by FBI agents regarding

---

1. Ind.Code § 35–42–4–3(a)(1).

2. Ind.Code § 5–2–12–13(b).

a videotape found in the defendant's house that showed another man molesting a child. The agents were seeking the defendant's help in identifying the man. After he persistently declined the requested identification, one of the FBI agents told the defendant that the FBI would be in contact with H.B.'s mother, and again asked the defendant if he had anything to tell them. At this point, the defendant began to cry, told the agents that he was sorry, and admitted telling H.B. to remove her clothes, performing oral sex on her, and videotaping her while she was nude.

Reversing the defendant's conviction, the Court of Appeals found that "the drawings and photographs of naked little girls are not tied" to the defendant's relationship with H.B., and were improperly admitted under Indiana Evidence Rule 404(b). *Buchanan*, 742 N.E.2d at 1022. The State argues that any error in the admission of this evidence was harmless.

The erroneous admission of evidence does not warrant a reversal and new trial unless the admission affected the substantial rights of the party. Ind.Evid. Rule 103(a); Ind.Trial Rule 61; *Berry v. State*, 715 N.E.2d 864, 867 (Ind.1999) ("An error in admitting evidence 'will be found harmless if its probable impact on the jury, in the light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.'" (quoting *Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind.1995))).

The other evidence available to the jury for consideration included the victim's testimony, the statements of five adults that the victim told them essentially the same story, and the defendant's statements to FBI agents that were consistent with the victim's testimony. Given the substantial quantity of incriminating evidence presented, particularly the defendant's confession, we find that the admission of the drawings

and postcards did not affect the defendant's substantial rights and does not warrant reversal.

Because the Court of Appeals reversed and remanded for a new trial, it did not address the defendant's sentencing claims. In his appeal, the defendant argues that the trial court improperly weighed and applied mitigating and aggravating circumstances, and that imposition of the maximum fifty-year sentence is manifestly unreasonable and not proportional to the nature of his offense.

The defendant argues that the eight aggravating circumstances found by the trial court amount to only three circumstances restated differently, that most of them should not be allowed as aggravating circumstances because they are factors used by the legislature to make the crime of child molesting a class A felony, and that the trial court failed to find mitigating circumstances shown by the evidence.

Sentencing decisions rest within the discretion of the trial court, and are reviewed on appeal only for an abuse of discretion. *Monegan v. State*, 756 N.E.2d 499, 501 (Ind.2001). It is within the trial court's discretion to determine whether a presumptive sentence will be enhanced due to aggravating factors. *Id.* Because reasonable minds may differ due to the subjectivity of the sentencing process, it is generally inappropriate for us to merely substitute our opinions for those of the trial judge. *Hurt v. State*, 657 N.E.2d 112, 114 (Ind.1995).

The defendant argues that the following aggravating circumstances found by the trial court constitute the same aggravating circumstance:

2. The Court notes the difference in ages between the [d]efendant and the victim.

3. The age of the victim made her particularly vulnerable to this type of attack.

4. Defendant was in a position of trust with the victim which he violated.

6. The facts of the crime are particularly disturbing and heinous.

8. This was a crime designed specifically to take advantage of the victim's inability to protect herself.

Record at 157–58.[3] He also asserts that the trial court erroneously considered the defendant's history of criminal activity (two convictions for second degree burglary, one for robbery, and one for public indecency) and the failure of prior attempts at rehabilitation. The defendant emphasizes that his three prior felony convictions occurred thirty-six years earlier and his misdemeanor conviction was nineteen years ago. The defendant does not challenge the adequacy of the trial court's individualized discussion of the specific aggravating circumstances found.

■ We decline to find that the trial court's sentencing decision is improper because of its articulation of separate individual factors that the defendant views as separate components of the same aggravating circumstance. One of the non-exclusive aggravating circumstances designated by statute for consideration in imposing sentence is "whether the victim of the crime was less than twelve years of age."

Ind.Code § 35–38–1–7.1(a)(4). The aggravators found and considered by the trial court were not merely that the victim was under twelve. It noted various aspects of the victim's particularly tender years (age 5) and the defendant's advanced adulthood (age 58). We encourage trial courts to state specific facts and reasons that lead it to find the existence of aggravating circumstances. *See Hammons v. State*, 493 N.E.2d 1250, 1254 (Ind.1986). Thoroughness and specificity in sentencing statements facilitate meaningful appellate review. *See Totten v. State*, 486 N.E.2d 519, 522 (Ind.1985). The trial court did not "double-count" the aggravating circumstances.

■ With respect to the dates of the defendant's prior criminal history, the defendant argues that the extreme remoteness of these convictions should not constitute an aggravating but rather a mitigating circumstance. The defendant committed this offense at age 58. He was approximately 19 when convicted of two second degree burglaries, 22 when convicted of robbery, and 39 when convicted of public indecency. From these convictions and the resulting penal consequences, the trial court found a history of prior criminal activity and prior unsuccessful attempts at rehabilitation as aggravating circumstances. The defendant argues that his law-abiding life for

---

**3.** The eight aggravating circumstances specifically enumerated by the trial court also included the following:

1. This [d]efendant does have a history of criminal activity consisting of three (3) prior felony convictions and one (1) prior misdemeanor conviction: In Madison County in 1960, two felony convictions for Second Degree Burglary; in Fort Myers, Florida in 1963, a Robbery felony conviction; and in Madison County, Indiana in 1980, Public Indecency, class A misdemeanor.

5. The Court notes the recommendation of the family of the victim for an aggravated sentence.

7. Prior attempt at rehabilitation through the justice system have not been successful. Record at 157–58. In addition, although not specifically enumerated in its sentencing order, the trial court stated: "In my mind, Mr. Buchanan is a danger to this community and a danger to the State of Indiana. There is a great danger and, in fact, unacceptable danger that repeat offenses would occur, and that, Mr. Buchanan, is too great a danger." Record at 703.

many years following these convictions is a mitigating circumstance.

■ The chronological remoteness of a defendant's prior criminal history should be taken into account. *Harris v. State,* 272 Ind. 210, 396 N.E.2d 674, 677 (1979). However, "we will not say that remoteness in time, to whatever degree, renders a prior conviction irrelevant." *Id.* The remoteness of prior criminal history does not preclude the trial court from considering it as an aggravating circumstance. *Bowling v. State,* 493 N.E.2d 783, 787 (Ind.1986) (citing *Perry v. State,* 447 N.E.2d 599, 600 (Ind.1983)).

The trial court could view the remoteness of the defendant's prior criminal history as a mitigating circumstance, or on the other hand, it could find the remoteness to not affect the consideration of the criminal history as an aggravating circumstance. Either opinion by a trial court would be within the ambit of its discretion. We observe that many of the other aggravating circumstances cited by the trial court likely played a more important role in the judge's sentencing decision. Notwithstanding its remoteness, we decline to find an abuse of discretion in the trial court's inclusion of the criminal history as an aggravating circumstance.

■ As mitigating circumstances, the trial court found that the defendant had maintained gainful employment throughout his adult life, had attempted to meet his responsibilities to his family and mother, had received his G.E.D. during a prior incarceration, is on disability from health problems, and has family support to aid in rehabilitation. The defendant contends, however, that the trial court failed to consider that he has led a law-abiding life for a substantial period, that his imprisonment will create undue hardship on his family, and that the nature and circumstances of the crime demonstrates that "[t]here was

no weapon, no threats, no force, no violence, no fear on the part of the victim, ... no physical damage, [and that] [t]here was a licking for less than a minute." Br. of Appellant at 25.

■ A trial court need not regard or weigh a possible mitigating circumstance the same as urged by the defendant. *Monegan,* 756 N.E.2d at 504. The trial court is not required to make an affirmative finding expressly negating each potentially mitigating circumstance. *Stout v. State,* 528 N.E.2d 476, 481 (Ind.1988). The failure to find mitigating circumstances that are clearly supported by the record, however, may imply that they were overlooked and not properly considered. *Jones v. State,* 467 N.E.2d 681, 683 (Ind. 1984).

Reviewing the trial court's findings, we conclude that the trial court did not overlook and fail to consider the mitigating factors urged by the defendant. To the contrary, the court's findings of aggravating and mitigating circumstances demonstrate that the court considered the evidence that the defendant claims is mitigating. We decline to find that the trial court failed to consider mitigating circumstances clearly supported in the record.

■ The defendant further contends that this Court should reduce his sentence as manifestly unreasonable. He argues that the maximum possible sentences are generally most appropriate for the worst offenders.

■ Although a trial court may have acted within its lawful discretion in determining a sentence, Article 7, § 4 of the Indiana Constitution authorizes independent appellate review and revision of a sentence imposed by the trial court. This appellate authority is implemented

through Indiana Appellate Rule 7(B), which provides: "The Court shall not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." *Id.* "In determining whether a sentence is manifestly unreasonable, 'the issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.'" *Evans v. State,* 725 N.E.2d 850, 851 (Ind.2000); *see also Spears v. State,* 735 N.E.2d 1161, 1168 (Ind.2000); *Brown v. State,* 698 N.E.2d 779, 783–84 (Ind.1998); *Bunch v. State,* 697 N.E.2d 1255, 1258 (Ind.1998); *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997).

■ We have also observed that "the maximum possible sentences are generally most appropriate for the worst offenders." *Evans,* 725 N.E.2d at 851; *see also Buchanan v. State,* 699 N.E.2d 655, 657 (Ind. 1998); *Bacher v. State,* 686 N.E.2d 791, 802 (Ind.1997). This is not, however, a guideline to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario. Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the *class* of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders.

■ Here, the fifty-eight year old defendant, aware that he was a pedophile and obsessed with young girls, accepted the responsibility of baby-sitting a five-year old girl. He took her and his video camera to a private location, directed her to remove her clothes, molested her by licking her vagina, and then videotaped her while she was nude. He has a history of criminal activity consisting of three prior felony convictions (two in 1960 for second degree burglary and one for robbery in 1963) and one misdemeanor conviction for public indecency in 1980. The defendant was in a position of trust with victim, which he violated. Two psychologists found the defendant to be a sexually violent predator. Record at 677, 682. On the other hand, we find that this crime was committed without excessive physical brutality, the use of a weapon, or resulting physical injury.[4] The offense was not part of a protracted episode of molestation but a one-time occurrence. In addition, the trial court noted that the defendant had maintained gainful employment through his adult life, that he earned his G.E.D. during prior incarceration, that he suffers from health problems, and that he has family support to aid in his rehabilitation.

In determining the sentence for child molesting as a class A felony, the trial court was authorized to sentence the defendant "for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more that ten (10) years subtracted for mitigating circumstances." Ind.Code § 35–50–2–4. It imposed a sentence of fifty years, the maximum penalty.

---

4. As this Court noted in *Fointno v. State,* 487 N.E.2d 140 (Ind.1986):

    While the absence of [brutality] does not in *any* way lessen the severity of the crimes as such, and thus does not constitute a mitigating factor justifying a reduction or suspension of the presumptive sentence, the presence of aggravated brutality distinguishes the defendants who commit such acts and justifies a substantially aggravated term where it is present. We do not by this observation debase the seriousness of [sexual assault crimes] themselves. Nor do we suggest that the absence of collateral brutality prevents the imposition of an enhanced sentence.

    *Id.* at 148 (emphasis in original).

In light of the nature of the offense and the character of the offender, we find that the sentence should be greater than the thirty-year presumptive sentence for child molesting as a class A felony. We find, however, that the defendant is not within the class of offenders for whom the maximum possible sentence is appropriate. Pursuant to Article 7, § 4 of the Indiana Constitution, we revise the defendant's sentence to forty years.

The defendant also argues that his fifty-year sentence is not proportioned to the offense as required by Article 1, § 16 of the Constitution of Indiana. Because of our decision revising the fifty-year maximum penalty imposed by the trial court to forty years, this claim is moot.

We grant transfer and find that the claimed error in admitting evidence contrary to Evid. Rule 404(b) is harmless and does not warrant reversal and that the sentence should be revised to forty years. On all other issues we summarily affirm the Court of Appeals. Ind.Appellate Rule 58(A)(2). This case is remanded to the trial court to impose a sentence of forty years.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., concurs in result.