**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 06 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| REGINOLD KNOX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A05-1201-CR-32 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1109-FD-206

**September 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Reginold C. Knox appeals his sentence for Possession of Marijuana,[1] a class D felony. On appeal, Knox contends that his sentence is inappropriate in light of the nature of his offense and his character.

We affirm.

On September 28, 2011, U.S. Postal Inspector Andrew Gottfried identified a suspicious package at the Fort Wayne Post Office addressed to Roy Wells in Huntington County, Indiana. Inspector Gottfried contacted the Allen County Sheriff's Department and requested a canine unit. Upon arrival at the post office, the canine unit examined a "line-up" of several packages, and the canine detected the presence of drugs in the package addressed to Roy Wells. Inspector Gottfried then applied for and obtained a federal search warrant before opening the package in the presence of federal Drug Enforcement Agency officers. Inside the package, Inspector Gottfried discovered 3 large, padded envelopes containing a total of 2.9 pounds of marijuana.

Inspector Gottfried then resealed the package and contacted the Huntington County Sheriff's Department to arrange a controlled delivery. Inspector Gottfried, dressed as a mail carrier, attempted to deliver the package the next day, but no one was home. Later in the day, a white male claiming to be Roy Wells inquired regarding the package at the Huntington Post Office. Inspector Gottfried later contacted the man by telephone and arranged to deliver the package at 9:30 the next morning.

The next morning, Inspector Gottfried again attempted to deliver the package. This time, when Inspector Gottfried knocked on the door, Knox answered, acknowledged that the

---

[1] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current with all 2012 legislation).

package had been delivered on time, and identified himself as Roy Wells. Knox then took the package inside briefly before placing it in his car and driving away. Police subsequently stopped the car, took Knox into custody, and seized the marijuana. Although Knox initially told police that he thought the package contained money, he later admitted that he knew it contained marijuana and that he was supposed to deliver the package to an individual in Fort Wayne in exchange for $6,600. Knox also admitted that he had previously received $1,400 for delivering another package of marijuana to the same person.

As a result of these events, Knox was charged with possession of marijuana as a class D felony and convicted following a jury trial. Following a hearing, the trial court imposed the maximum three-year sentence, which Knox argues is inappropriate.

This court has the constitutional authority to revise a sentence if, after consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B); *Corbin v. State*, 840 N.E.2d 424 (Ind. Ct. App. 2006). We are not required under App. R. 7(B) to be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). "We recognize, however, the special expertise of the trial courts in making sentencing decisions; thus, we exercise with great restraint our responsibility to review and revise sentences." *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied.* The defendant bears the burden of persuading this court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

Knox argues that the maximum sentence is inappropriate because he is not the worst offender. As a general matter, the maximum possible sentence is most appropriate for the

3

worst offenders. *Buchanan v. State*, 767 N.E.2d 967 (Ind. 2002). This is not, however, an invitation to determine whether a worse offender could be imagined. *Wells v. State*, 904 N.E.2d 265 (Ind. Ct. App. 2009), *trans. denied*. In stating that maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment, but this encompasses a considerable variety of offenses and offenders. *Id.* Accordingly, "[w]e concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Id.* at 274.

Regarding the nature of the offense, we note that Knox did not possess marijuana for his personal use. Rather, he was admittedly acting as a courier for a drug dealer and had done so on at least one previous occasion. We also note that Knox possessed 2.9 pounds (or 1,336 grams) of marijuana, far more than was necessary to support his class D felony conviction. *See* I.C. § 35-48-4-11 (providing that the offense of possession of marijuana is a class D felony if it involves more than thirty grams of the drug).

With respect to Knox's character, we first note that Knox has a lengthy criminal history. Knox has prior felony convictions for attempted theft and attempted burglary, as well as a theft conviction that was entered as a class A misdemeanor. Knox has eighteen additional misdemeanor convictions, and while many of them are traffic-related, they also include convictions for battery, domestic battery, and patronizing a prostitute. Additionally, Knox has violated his probation on multiple occasions, and he admits to using marijuana on a

4

weekly basis. Finally, we observe that Knox is in arrears on his child support obligations in the amount of $19,000.[2]

In sum, neither the nature of the offense nor Knox's character warrants a reduction of his sentence. We therefore affirm the trial court's imposition of the maximum three-year sentence.

Judgment affirmed.

BROWN, J., and DARDEN, SENIOR JUDGE, concur.

---

[2] Knox's appellate counsel claims that Knox has "apparently assumed the full time care and control—and financial support—of his youngest daughter[.]" *Appellant's Brief* at 7. This assertion is not supported by the record. The only support counsel provides for this assertion is a citation to Knox's written request for a public defender, in which Knox listed his daughter among the people who lived with him. This is hardly an assertion that Knox had full custody of his daughter. Moreover, in the Pre-Sentence Investigation Report, which was prepared well after Knox filled out his request for a public defender, Knox indicated that he did not have custody of any of his four children.