**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**AMY D. GRINER**
Griner & Company
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 28 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT G. BOLLMAN, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1202-CR-100 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen Bowers, Judge Pro Tem
Cause No. 20D02-1108-PC-92

September 28, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Robert Bollman, Jr., pleaded guilty to escape, a Class C felony, and was sentenced to the statutory maximum of eight years in prison. He raises one issue for our review, which we restate as whether his sentence is inappropriate based on the nature of the offense and his character. Concluding the sentence is not inappropriate, we affirm.

## Facts and Procedural History

On May 23, 2011, Bollman was found guilty of two counts of check fraud and was sentenced to 730 days, with 545 days suspended. On July 1, while serving his commitment through a home detention program, Bollman failed a drug screen at the Elkhart County Work Release Facility. His case manager ordered him to remain in the lobby of the facility while a law enforcement officer was found to take him to Elkhart County Jail. Rather than wait and submit to detention, Bollman fled. He was subsequently apprehended by law enforcement.

On January 17, 2012, Bollman pleaded guilty to escape, a Class C felony, as part of an informal plea agreement that allowed him to avoid being charged as an habitual offender. At the time of the plea, Bollman was twenty-six years old and had a criminal record that included five prior felonies and seven prior misdemeanors. As a result of his prior convictions, Bollman had been given numerous opportunities for rehabilitation including a theft accountability program, probation, a victim offender reconciliation program, work release, a deferral program, and community corrections. He repeatedly violated the requirements of these rehabilitation programs. In 2011, Bollman was diagnosed with bipolar disorder and was prescribed medication. At the time of his escape, Bollman was under the influence of cocaine. Bollman's previous offenses were

mostly drug and alcohol related, and at his sentencing hearing, Bollman asked the trial court for help with his addictions. The trial court sentenced Bollman to eight years in the Department of Correction and recommended he receive addiction treatment while incarcerated. Bollman now appeals his sentence. Additional facts will be supplied as appropriate.

## Discussion and Decision

### I. Standard of Review

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In assessing the nature of the offense and character of the offender, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans denied. The burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

### II. Bollman's Sentence

Bollman's eight-year sentence is the statutory maximum for a Class C felony. See Ind. Code § 35-50-2-6 (providing a sentencing range of two to eight years for Class C felonies, with an advisory sentence of four years). Bollman contends this sentence is inappropriate. As to the nature of his offense, Bollman argues it does not warrant a maximum sentence because of the nonviolent, solitary, and spontaneous manner in which he committed it. When he fled custody, Bollman did not fight any officers, wield any weapon, damage any property, or otherwise harm anyone. Nor did he organize a premeditated, chaotic, and dangerous large-scale prison break. Bollman argues a

maximum sentence is inappropriate because a conviction for escape could be based on substantially worse activity.

That Bollman did not use a deadly weapon or inflict bodily injury on anyone is irrelevant to whether his sentence is inappropriate, as doing so would have elevated his offense to a Class B felony and consequently called for a harsher range of sentencing. Ind. Code § 35-44-3-5 (defining the crime of escape);[1] Ind. Code § 35-50-2-5 (providing a sentencing range of six to twenty years for Class B felonies, with an advisory sentence of ten years). As for whether a worse Class C felony escape could be imagined, "it will always be possible to identify or hypothesize a significantly more despicable scenario." Buchanan v. State, 767 N.E.2d 967, 973 (Ind. 2002). "Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders." Id. (emphasis in original). Thus, even if a worse Class C felony escape conviction could be imagined, this does not require that we conclude Bollman's sentence is inappropriate. This is especially true where the character of the offender warrants the trial court's sentence.

As to the nature of Bollman's character, the primary considerations from the record are his history of criminal behavior, his mental illness, and his drug addictions. Among the facts in the record, the significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Wooley v. State, 716 N.E.2d 919, 929 n. 4 (Ind. 1999). In some cases, a defendant's

---

[1] Although this section was recodified as Indiana Code section 35-44.1-3-4 as of July 1, 2012, this was the codification that applied to Bollman.

criminal history alone can be sufficient to warrant a maximum sentence. In <u>Smith v. State</u>, for example, the defendant's maximum sentence was independently justified by a criminal record of four prior felonies and numerous misdemeanors over a span of twenty years. 839 N.E.2d 780, 788 (Ind. Ct. App. 2005). In this case, Bollman accumulated five felonies and seven misdemeanors in only eight years, and his felony convictions were all for crimes of dishonesty. Often in lieu of incarceration, Bollman was given repeated opportunities for rehabilitation, but has been consistently uncooperative and unable to abide by the requirements of such rehabilitative programs. Taken as a whole, Bollman's criminal history reveals an alarming disrespect for the rule of law.

Bollman argues his severe criminal history is mitigated by his drug addictions and mental health issues. However, Bollman was not diagnosed with his mental illness until 2011 and it is unclear whether, if at all, his criminal history was tied to a developing mental illness. Bollman has never received substantial treatment for his drug or alcohol addictions, but he has been prescribed medication for bipolar disorder prior to this offense. Although Bollman pleaded guilty and saved the State time and resources, this is offset by the fact that his plea was part of an unofficial bargain that prevented him from being sentenced to four to twelve additional years in prison as an habitual offender. <u>See</u> Ind. Code § 35-50-2-8(h). While Bollman admitted his guilt and asked the court for help in overcoming his addictions, his apparent remorse and request for help are undermined by a history of crimes of dishonesty and abuse of rehabilitation opportunities. We cannot conclude that Bollman's eight-year sentence is inappropriate in light of the nature of his offense and his character.

Conclusion

Given Bollman's criminal history and repeated disregard for rehabilitative services offered to him, we conclude that Bollman's sentence is not inappropriate in light of the nature of his offense and character, and we therefore affirm the trial court's sentence.

Affirmed.

BAKER, J., and BRADFORD, J., concur.