Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 12 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC.
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MITCHELL A. BARNES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1304-CR-281 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1206-FD-2040, 84D01-1201-FD-0122, 84D01-1202-FD-0438

**November 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Mitchell Barnes ("Barnes") pleaded guilty to three counts of Class D felony theft and was ordered to serve an aggregate and maximum nine-year sentence. He appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

In 2012, Barnes engaged in a pattern of criminal behavior in which he would steal bottles of liquor from retail establishments in Vigo County, and sell the liquor for crack cocaine. Barnes's criminal activity resulted in charges filed under three separate cause numbers. In cause number 84D01-1201-FD-122, Barnes was charged with one count of Class D felony theft. In cause number 84D01-1202-FD-438, Barnes was charged with three counts of Class D felony theft and three counts of Class A misdemeanor criminal trespass. Finally, in cause number 84D01-1206-FD-2040, Barnes was charged with five counts of Class D felony theft and two counts of Class A misdemeanor criminal trespass.

Barnes agreed to plead guilty to one count of Class D felony theft under each of the three cause numbers. In exchange for his guilty plea, the State agreed to dismiss the charges that remained. The State also agreed to dismiss pending charges filed under three additional cause numbers totaling three counts of Class D felony theft and one count of Class A misdemeanor criminal trespass. All told, Barnes agreed to plead guilty to three counts of D felony theft in exchange for the dismissal of nine charges of D felony theft and four charges of A misdemeanor criminal trespass. On February 20, 2013, the trial court accepted Barnes's guilty plea.

2

Barnes was subsequently ordered to serve three consecutive terms of three years for each Class D felony conviction, for an aggregate and maximum sentence of nine years. The trial court considered Barnes's criminal history and his numerous and recent violations of the terms and conditions of his pretrial release as aggravating circumstances during his sentencing hearing.

In its sentencing order, the trial court also recommended that Barnes be referred to the Department of Correction's Purposeful Incarceration Program with the recommendation that he be placed in the CLIFF (an acronym for "A Clean Life is Freedom Forever") Therapeutic Community, a specialized, intensive substance abuse program. The court's order also provides that upon successful completion of the CLIFF program, Barnes may request a modification of his sentence.

Barnes now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied.

Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)). Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Fonner v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Finally, in Buchanan v. State, our supreme court clarified the rule regarding the imposition of maximum sentences as follows:

> We have also observed that the maximum possible sentences are generally most appropriate for the worst offenders. This is not, however, a guideline to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario. Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders.

767 N.E.2d 967, 973 (Ind. 2002) (internal quotation marks and citations omitted).

In this case, Barnes was convicted of three Class D felony thefts and was ordered to serve consecutive and maximum sentences for each conviction. See Ind. Code § 35-50-2-7 (providing that "[a] person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years"). Barnes argues that his aggregate nine-year sentence is not appropriate because his crimes were not "particularly repugnant" and he took responsibility for his actions. Appellant's Br. at 7.

Barnes repeatedly stole high-end liquors from retail stores in Vigo County to maintain his crack cocaine habit. He repeatedly returned to stores that he had been barred from in order to steal again. Also, the thefts Barnes pleaded guilty to were committed while he was on pretrial release for prior alleged thefts. We agree with Barnes that his offenses are not the worst that could be imagined, but Barnes fails to acknowledge in any way the harm caused by his criminal acts.

Barnes's criminal history is also substantial and supports the sentence imposed. Barnes's first conviction occurred in 1993. He has been convicted of nineteen misdemeanors, and the following three felonies: Class B felony dealing in methamphetamine and two unrelated convictions for Class D felony theft. He was also terminated from unsuccessful probation in separate causes. During the terms of his prior imprisonment and probation, Barnes was ordered to participate in drug and alcohol programs and mental health counseling. He has not taken full advantage of those programs and admitted to committing the thefts in this case to maintain his crack cocaine

habit. Finally, he committed the instant offenses during pretrial release while he was awaiting trial for prior charges that were dismissed under the plea agreement in this case.

The trial court acknowledged that Barnes accepted responsibility for his actions and noted a significant positive change in Barnes from the time the initial charges were filed to the date of the sentencing hearing. Therefore, the court recommended placement in the CLIFF program and mental health counseling. The court also informed Barnes that it would consider a modification of his sentence to work release if Barnes could complete the programs and prove to the court he was sincere in maintaining his sobriety. Tr. p. 25.

Under these facts and circumstances, Barnes's character supports the aggregate nine-year sentence ordered. Importantly, the trial court has indicated its willingness to assist Barnes in becoming a productive member of society, if Barnes can maintain sobriety. For all of these reasons, we conclude that Barnes's aggregate nine-year sentence is not inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed.

NAJAM, J., and BROWN, J., concur.