Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 31 2014, 8:13 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES LOHMAN III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1307-CR-258 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
Cause No. 64D01-1109-FB-8616

**March 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

James Lohman III ("Lohman") pleaded guilty in Porter Superior Court to Class B felony leaving the scene of an accident causing death and Class C felony operating a motor vehicle while intoxicated causing death. Lohman was ordered to serve an aggregate twenty-year sentence. Lohman appeals his sentence and argues that his aggregate twenty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On September 3, 2011, Lohman and two friends were involved in an altercation at a bar in Burns Harbor, Indiana, and they were asked to leave the bar. Lohman and his friends left the bar but remained nearby, and shortly thereafter, they were allegedly assaulted by unnamed individuals. Lohman and his friends were able to fight their way to Lohman's vehicle in the bar's parking lot.

Bystanders witnessed waitress Sheri Jania ("Jania") standing behind the vehicle and shouting at its occupants. Jania shouted at Lohman to stop and recited his license plate number to the bartender. Lohman put the vehicle in reverse and backed up toward Jania. Jania dodged the vehicle and moved toward the front driver's side. Lohman then put the vehicle in drive, turned the car toward Jania, and accelerated quickly in her direction. Lohman then killed Jania by driving over her. Lohman opened his driver's side door, and witnesses shouted that Jania was under the car. Notwithstanding these shouts, Lohman accelerated and drove out the parking lot, dragging Jania because of her position underneath the car. Jania's body remained under the vehicle while Lohman

2

proceeded westbound on US Highway 20. Jania's body was dragged onto Highway 20, but eventually dislodged from the vehicle's undercarriage.

Police officers stopped Lohman approximately four miles from the bar. Lohman submitted to a portable breath test, which registered a blood alcohol content of .106. Lohman was charged with Class B felony leaving the scene of an accident causing death, Class C felony reckless homicide, Class C felony operating a vehicle while intoxicated causing death, and Class A misdemeanor criminal recklessness with a motor vehicle. Lohman agreed to plead guilty to Class B felony leaving the scene of an accident causing death and Class C felony operating a vehicle while intoxicated causing death in exchange for dismissal of the remaining charges.

A sentencing hearing was held on June 10, 2013. During the hearing, Lohman told the trial court judge that he deserved whatever sentence the court believed to be appropriate. The trial court considered Lohman's criminal history as an aggravating circumstance, and found no mitigating circumstances. The trial court then imposed a sentence of twenty years for the Class B felony conviction and an concurrent sentence of eight years for the Class C felony conviction. Lohman appeals his sentence. Additional facts will be provided as necessary.

**Discussion and Decision**

We initially address the State's claim that Lohman waived appellate review of his sentence by indicating to the trial court that he would accept the trial court's sentencing decision. Tr. p. 32. At the sentencing hearing, Lohman stated, "I deserve whatever the judge gives me." Id. However, during argument, Lohman's counsel asserted that a

3

twelve-year sentence was appropriate. Tr. p. 48. For this reason, and given our preference for resolving issues on their merits, we cannot conclude that Lohman agreed to an aggregate twenty-year sentence thereby waiving his claim on appeal. We will therefore address the merits of his argument that his twenty-year sentence is inappropriate.

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010). In addition, in

4

Buchanan v. State, our supreme court clarified the rule regarding the imposition of maximum sentences as follows:

> We have also observed that the maximum possible sentences are generally most appropriate for the worst offenders. This is not, however, a guideline to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario. Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders.

767 N.E.2d 967, 973 (Ind. 2002) (internal quotation marks and citations omitted).

Lohman was ordered to serve concurrent, albeit maximum terms, for his Class B and Class C felony convictions,[1] for an aggregate sentence of twenty years. Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). When we review a sentence under Appellate Rule 7(B), we "focus on the forest–the aggregate sentence–rather than the trees–consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id.at 1225.

Lohman argues his twenty-year sentence is inappropriate because "[s]pecific inquiry into the elements and circumstances of each crime (individually) do not support the maximum punishment nor a designation of 'the worst of the worst.'" Appellant's Br.

---

[1] Indiana Code section 35-50-2-5 establishes the following sentencing range for a Class B felony: "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." And Indiana Code section 35-50-2-6 establishes the following sentencing range for a Class C felony: "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years."

at 6. More specifically, Lohman claims that his crime of leaving the scene of the accident was "benign" and was no more egregious than any other offense. He states, "Jania was immediately dead. Lohman's failure to stop did not cause greater injury." Id. at 8. But Lohman admits that "the act of backing up with [Jania] behind the vehicle, then accelerating while she was in plain view, hitting her and ignoring the pleas of others at the scene is egregious." Id. at 10. Lohman therefore concedes that the eight year sentence for the Class C felony conviction "is intellectually supportable."

However, as we stated above, we focus on the aggregate sentence and not the individual sentences for each crime committed. See Cardwell, 895 N.E.2d 1225. The nature of this crime was particularly gruesome and undeniably tragic. Witnesses at the scene saw Lohman back his car purposely toward Jania, whom he described as his friend. Although she was initially able to move out of the vehicle's path, Lohman put the vehicle in drive, deliberately turned the car toward Jania, and accelerated quickly in her direction. He ran over Jania pinning her underneath his vehicle. Lohman opened his car door for a few seconds, and witnesses in the parking lot shouted at him to stop. But he accelerated and drove out the parking lot, dragging Jania because of her position underneath the car leaving smeared blood on the ground. Jania was dragged out onto the highway and left in the roadway after her body dislodged from Lohman's vehicle. Jania's death severely impacted her children, and her youngest son testified that his family has fallen apart since his mother was killed. Tr. p. 39.

Lohman does not focus much attention on the character of the offender portion of our inquiry. He does note, as do we, that he pleaded guilty, apologized for causing Jania's death, and expressed remorse at the sentencing hearing.

But Lohman also has a history of marijuana and alcohol abuse and criminal offenses. In 2007, Lohman pleaded guilty to Class A misdemeanor possession of marijuana. In 1991, he pleaded guilty to false informing, and he was convicted of that offense for hitting another vehicle, leaving the scene of the accident, and telling the police that his mother was driving the car. In 1989, Lohman pleaded guilty to reckless driving, but the original charge was Class D felony operating while intoxicated. In 1983, Lohman was convicted of Class B misdemeanor battery. His probation was revoked twice in that cause.

Despite his admitted history of alcohol abuse, on the day of the offense, Lohman drank three beers before arriving at the bar and shared a pitcher of beer with friends. And at sentencing, although he accepted responsibility for Jania's death, he continued to blame the individuals who allegedly attacked him just prior to Jania's death and maintains that he did not see Jania before striking her. Tr. p. 25. His statement is less than credible in light of the eyewitnesses' statements to the police as recounted in the probable cause affidavit.

Lohman's character is, at the very least, unhelpful to him in sentencing, and the nature of this offense was particularly horrific. For all of these reasons, we conclude that Lohman's aggregate twenty-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BRADFORD, J., and PYLE, J., concur.