# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2015, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonathon Gustafson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 17, 2015 <br><br> Court of Appeals Cause No. 05A02-1410-CR-752 <br><br> Appeal from the Blackford Circuit Court <br> Cause No. 05C01-1403-FB-89 <br><br> The Honorable Dean A Young, Judge |

**Barnes, Judge.**

## Case Summary

Jonathon Gustafson appeals his twenty-year executed sentence for convictions for three counts of burglary as Class B felonies. We affirm.

## Issue

The issue is whether Gustafson's twenty-year sentence is inappropriate in light of his character and offenses.

## Facts

Between November 2013 and March 2014, Gustafson broke into three different residences and stole property. For these offenses collectively, Gustafson was charged with four counts of burglary as Class B felonies, one count of aiding burglary as a Class B felony, and two counts of theft as Class D felonies. Pursuant to a plea agreement entered with the State, Gustafson pled guilty to three counts of burglary as Class B felonies. The State agreed to dismiss the remaining counts as well as a case pending in another county. The agreement also stipulated that the sentences for the three guilty pleas would run concurrently, although the trial court retained discretion as to the duration of the sentences.

At the sentencing hearing, Gustafson explained that he had a drug addiction and expressed interest in participating in a State-facilitated treatment program. He agreed to pay restitution to the victims and urged the trial court to consider a term of probation in his sentence, which would allow him to work to pay the

restitution. The State recommended that the trial court impose the maximum applicable sentence of twenty years.

[5] The trial court found Gustafson's criminal history and his lack of initiative to address his substance-abuse problem as aggravating factors. The trial court cited hardship to Gustafson's minor child, his cooperation in the case, and his expression of remorse as mitigating factors. The trial court qualified, however, that given Gustafson's criminal history, this articulation of remorse was accorded little weight.

[6] The trial court sentenced Gustafson to the maximum sentence of twenty years for each of the three counts, to run concurrently. Gustafson now appeals.

## Analysis

[7] Gustafson argues that the trial court's imposition of the twenty-year executed sentence is inappropriate. We assess whether Gustafson's sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[8] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[9] Our review of Gustafson's character reveals that he is twenty-seven years old and has one son, whom he has custody of and financially supports. Gustafson is addicted to opiates and other prescription medication and believes his criminality is motivated by his drug dependency. While Gustafson's recognition of his addiction and professed desire to seek treatment is commendable, the fact that Gustafson "has a substance abuse problem is not necessarily a factor that weighs in favor of a lesser sentence." *Marley v. State*, 17 N.E.3d 335, 341 (Ind. Ct. App. 2014), *trans. denied*. The trial court properly reasoned that any mitigating treatment accorded to Gustafson's recognition of

his drug problem is tempered by the fact that, although he is aware of his problem, he previously has not taken steps to address or treat it. *See Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. Gustafson's criminal history includes a juvenile adjudication and three felony convictions for residential entry, receiving stolen property, and burglary. This criminal history, involving offenses similar to those underlying Gustafson's appeal, indicates a defiance to rehabilitation and "disregard for law and authority." *Clark v. State*, 26 N.E.3d 615, 619 (Ind. Ct. App. 2014). Although Gustafson expressed remorse for the burglaries, the trial court found that Gustafson's criminal history belied this sentiment, rendering it a "hollow gesture." Tr. p. 49. Because it witnessed Gustafson's apology and demeanor first hand, "substantial deference must be given to the trial court's evaluation of remorse." *Sharkey v. State*, 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012).

[10] As to the nature of the offenses, Gustafson committed three burglaries of different residences within less than a six-month period. *Cf. Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002) (suggesting that chronological proximity of offenses is a factor in sentencing determinations). Moreover, the victim of one of these burglaries was an elderly woman. Gustafson argues that imposition of the twenty-year maximum sentence is inappropriate as "maximum possible sentences are generally most appropriate for the worst offenders." *Id.* at 973. However, considering Gustafson's character and the nature of the offenses together, it was not inappropriate to sentence Gustafson to the maximum sentence. The twenty-year sentence effectively reflects the maximum for *one*

count of burglary as a Class B felony, as the plea agreement stipulated that the sentences for Gustafson's three convictions would run concurrently. Given that on appeal we may take into account the effect of "sentencing tools," such as concurrent sentencing, the maximum sentence is not inappropriate. *See Thompson v. State*, 5 N.E.3d 383, 391-93 (Ind. Ct. App. 2014).

[11] Gustafson argues that his sentence should be revised to the advisory ten-year sentence. In light of the number of offenses, Gustafson's criminal history, and his apparent resistance to rehabilitation in the past, however, Gustafson has failed to satisfy the burden of persuading us that the sentenced imposed by the trial court is inappropriate.

## Conclusion

[12] Gustafson's twenty-year executed sentence is not inappropriate. We affirm.

[13] Affirmed.

[14] Riley, J., and Bailey, J., concur.