# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Asst. to the Henry County
Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua A. Cook,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

December 23, 2015

Court of Appeals Case No.
33A01-1508-CR-1143

Appeal from the Henry Circuit
Court

The Honorable Mary G. Willis,
Judge

Trial Court Cause No.
33C01-1505-F6-116

**Brown, Judge.**

[1] Joshua A. Cook appeals his sentence for possession of a schedule II controlled substance as a level 6 felony. Cook raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

## Facts and Procedural History

[2] On May 15, 2015, Cook knowingly and unlawfully possessed a controlled substance, oxycodone, listed in schedule II. On May 18, 2015, the State charged Cook with Count I, possession of a schedule II controlled substance as a level 6 felony; Count II, possession of a schedule IV controlled substance as a class A misdemeanor; Count III, possession of a schedule IV controlled substance as a class A misdemeanor; Count IV, resisting law enforcement as a class A misdemeanor; Count V, possession of paraphernalia as a class A misdemeanor; Count VI, possession of marijuana as a class B misdemeanor; and Count VII, public intoxication as a class B misdemeanor. The State also alleged possession of paraphernalia enhanced to a level 6 felony and possession of marijuana enhanced to a class A misdemeanor. On May 20, 2015, the State alleged that Cook was an habitual offender.

[3] On June 4, 2015, Cook and the State entered a plea agreement in which Cook agreed to plead guilty to Count I, possession of a controlled substance as a level 6 felony, and the State agreed to dismiss the remaining counts. On July 16, 2015, Cook pled guilty and the court dismissed the remaining counts pursuant to the State's motion. Cook stated: "I just want to say that I am sorry for the way I had been acting previously and that's all." Transcript at 8. The

prosecutor argued for a sentence of two and one-half years. Cook's counsel argued that the offense did not cause any harm to persons or property, Cook would be likely to respond affirmatively to probation or short term imprisonment, Cook had never violated probation, imprisonment would create an undue hardship on Cook's dependents, a CHINS case is open, Cook has an incentive to do well on probation to reunify with his child, and that Cook pled guilty to the offense and accepted responsibility for his actions.

[4]     The court stated:

> Mr. Cook, I am very familiar with your criminal record and it's extensive. Finding of an aggravator is not based upon whether or not you completed probation successfully or not it's the number of offenses that you have that builds a criminal history. Your criminal history has continued almost unabated since you were a juvenile. Secondly, we are going to address to the CHINS cases, which are in this Court and the Court takes judicial notice of them. Your performance in the CHINS case has not been exemplary. Mother's performance has not been exemplary. She has not appeared in Court. So, I reject the Defense argument that incarceration would be an undue hardship those [sic] children are placed in a safe environment at this time. I do agree with your counsel's assessment that most of these offenses are substance abuse related. Left to your own devices you have minimally complied with probation, but have done nothing to abate your substance abuse issue. Quite frankly, the best program that we have in the State of Indiana right now and certainly to those person's [sic] in Henry County available for substance abuse treatment is a therapeutic community in the Department of Corrections. It's an intensive, long-term program that requires you to live the lifestyle of a clean and sober person and the only thing that is going abate [sic] a 17 year drug history that your [sic] bringing into the Court today. You've gotten a

significant benefit from the State in the fact that five (5) counts were dismissed and you are eligible for Habitual Offender Enhancement, which the State agreed to dismiss as a result of today's hearing. So, the Court finds that you do have aggravators and that is a history of criminal or delinquent activity. The Court finds that you have accepted responsibility here today, but that has not always been the case. The Court finds no other significant mitigators to be recognized. The Court does find that an appropriate sentence is two and a half (2-1/2) years in the Indiana Department of Corrections. The Court will make you eligible for Purposeful Incarceration Program or therapeutic community and if you successfully complete that the Court will transport you back here for a modification of the balance of your sentence. Getting into that program is up to, staying in the that program is up to, but you have to successfully complete it.

*Id.* at 11-13.

### *Discussion*

The issue is whether Cook's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Cook argues that his offense was minor and that he was not attempting to deal the oxycodone pills. He contends that his criminal history consists of mainly non-violent, low-level felonies, arguably related to his controlled substance

addiction. He notes that he accepted responsibility for his actions and asserts that he has not undergone substance abuse treatment in the past. He also points out that the probation officer who completed the presentence investigation report ("PSI") concluded that he was likely to respond well to probation or short term imprisonment.

[7] The State cites to the probable cause affidavit and asserts that Cook was caught with a dozen oxycodone tablets along with a number of other pills and marijuana and that Cook was in public riding around on his moped with his girlfriend while he was intoxicated. The State asserts that, while the nature of the offense may not demand a lenient sentence, Cook's lengthy criminal history fairly demands a maximum sentence. The State contends that Cook has been involved with the criminal justice systems of at least two states for most of his life and that the trial court's sentence is not inappropriate.

[8] Cook received the maximum sentence. *See* Ind. Code § 35-50-2-7(b) ("A person who commits a Level 6 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year."). Regarding the imposition of the maximum possible sentence, the Indiana Supreme Court has stated:

> [T]he maximum possible sentences are generally most appropriate for the worst offenders. This is not, however, an invitation to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a

significantly more despicable scenario.  Although maximum
sentences are ordinarily appropriate for the worst offenders, we
refer generally to the class of offenses and offenders that warrant
the maximum punishment.  But such class encompasses a
considerable variety of offenses and offenders.

*Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) (citations and quotation
marks omitted).

[9]     Our review of the nature of the offense reveals that Cook knowingly and
unlawfully possessed a controlled substance, oxycodone, listed in schedule II.
Our review of the character of the offender reveals that he pled guilty to
possession of a controlled substance as a level 6 felony, and the State dismissed
the remaining counts which included another level 6 felony, four class A
misdemeanors, and one class B misdemeanor, as well as the allegation that
Cook was an habitual offender.  The PSI indicates that Cook has two biological
children and two stepchildren.  His counsel referenced a CHINS case, the trial
court stated that his performance in the CHINS case had "not been exemplary,"
and Cook does not challenge this finding.  Transcript at 12.  He completed the
eighth grade, received his GED, enrolled at Indiana State University, and
secured thirty-two credit hours.  The PSI notes Cook's statement that he
experienced addiction to opiate-related pharmaceuticals.

[10]    The record reveals that Cook, born on August 12, 1980, has an extensive
criminal history.  As a juvenile, he was alleged to have committed giving a false
report of a commission of a crime, possessing stolen property, and resisting law
enforcement.  He was also adjudicated delinquent for two counts of theft in

1996. In 1998, he was charged as an adult with check deception as a class A misdemeanor, possession of cocaine as a class D felony, possession of a schedule IV controlled substance as a class D felony, and resisting law enforcement as a class A misdemeanor, but these charges were dismissed. In 1999, he was charged with two counts of possession of marijuana as class A misdemeanors, but these charges were also dismissed. That same year, he was convicted of conversion as a class A misdemeanor and possession of marijuana as a class D felony. In 2000, Cook was convicted of theft as a class D felony, and the same year he was charged with trespassing as a misdemeanor and "Obstruct Police, False Information" as a misdemeanor in Colorado with an unknown disposition. Appellant's Appendix at 60. In 2001, he was convicted of escape as a class D felony, and in 2003, he was convicted of theft as a class D felony and attempted burglary and burglary as class B felonies. In 2008, he was convicted of possession of marijuana and possession of paraphernalia as class A misdemeanors, and in 2011, he was convicted of domestic battery as a class D felony and of being an habitual offender. His overall risk assessment score placed him in the high risk to reoffend category.

[11]     At sentencing, the court stated that the best program available for substance abuse treatment was a therapeutic community in the Department of Correction, that it would make Cook eligible for the Purposeful Incarceration Program or therapeutic community, and that if he successfully completed the court would transport him back for a modification of the balance of his sentence.

After due consideration of the trial court's decision, and in light of the charges that were dismissed in exchange for Cook's guilty plea and Cook's criminal history, we cannot say that the sentence of two and one-half years is inappropriate in light of the nature of the offense and the character of the offender.

## *Conclusion*

For the foregoing reasons, we affirm Cook's sentence.

Affirmed.

Kirsch, J., and Mathias, J., concur.