**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 04 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY HALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1402-CR-134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1303-FD-647

**September 4, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jeremy Hall (Hall), appeals his conviction for failure to return to lawful detention, a Class D felony, Ind. Code § 35-44.1-3-4(c).

We affirm.

## ISSUES

Hall raises two issue on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion in sentencing Hall to three years; and

(2) Whether his sentence is appropriate in light of the nature of the crime and his character.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2013, the Madison County IV-D Court found Hall in contempt for failing to pay his child support totaling $8,251.70. As result, the trial court sentenced Hall to ninety days, all to be served at the Madison County Jail or at the Madison County Work Release Facility (Facility). That same day, Hall was transported to the Facility. As a condition of his work release, Hall received a pass to leave the Facility at 8:00 a.m. and to return by 1:00 p.m. to enable him to seek employment. On February 8, 2013, Hall did not return to the Facility. When Hall was absent from the Facility for more than 24 hours, the Facility filed a petition to terminate his work release. On February 12, 2013, a warrant for his arrest was issued. Hall was eventually arrested in Illinois and extradited to Indiana. On March 26, 2013, the State filed an Information charging Hall with failure to return to lawful detention, a Class D felony, I.C. § 35-44.1-3-4(c).

2

On January 15, 2014, the trial court held a jury trial at which Hall failed to appear but was represented by counsel.[1] At the close of the evidence, the jury found Hall guilty as charged. On February 11, 2014, the trial court held Hall's sentencing hearing at which Hall again failed to appear but was represented by counsel. The trial court sentenced Hall to three years in the Department of Correction with 219 days of credit.

Hall now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Hall argues that the trial court abused its discretion when it ordered him to serve a three-year sentence for failing to return to lawful detention.

We begin by noting that "sentencing decisions rest within the sound discretion of the trial court." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing

---

[1] Our supreme court has stated

> A defendant in a criminal proceeding has a right to be present at all stages of his or her trial. U.S. Const. amend. VI; Ind. Const. art. I, § 13; *Fennell v. State*, 492 N.E.2d 297, 299 (Ind. 1986). A defendant may waive this right and be tried in *absentia* if the trial court determines that the defendant knowingly and voluntarily waived that right. *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989); *Fennell*, 492 N.E.2d at 299.

*Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997). Further, "[a] defendant's explanation of his absence is a part of the evidence available to this Court on the question of whether it was error to try him in *absentia*." *Id.* (internal quotation omitted). The record in this case reveals that Hall refused to attend his hearing because his warrant of arrest had described him as a white male, yet he was African-American; as such, Hall argued that the charges proffered against him were not his. However, the record reveals that despite the error, Hall was aware that he was being tried, therefore, the trial court noted that Hall had "knowingly and voluntarily" waived his right to be tried in *absentia*. (Transcript. p. 20).

statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-491.

Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion by failing to properly weigh such factors. *Id*. at 491. This is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then impose any sentence that is authorized by statute and permitted under the Indiana Constitution. *Id*.

This does not mean that criminal defendants have no recourse in challenging sentences they believe are excessive. *Id*. Although a trial court may have acted within its lawful discretion in determining a sentence, Indiana Appellate Rule 7(B) provides that the appellate court may revise a sentence authorized by statute if it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id*. It is on this basis alone that a criminal defendant may now challenge his sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing the particular sentence that is supported by the record, and the reasons are not improper as a matter of law. *Id*.

II. *Aggravating Factors*

4

Hall first argues that the trial court relied on improper aggravators when it ordered him to serve a three-year sentence for failure to return to lawful detention. Here, our review of the record reveals that the trial court did set out its facts and reasons for finding at least two aggravating circumstances, and it also evaluated the circumstances before it in determining that Hall should serve the maximum sentence of three years.

First, the trial court found that Hall had a "fairly extensive criminal history." (Tr. p. 115). We have held that a defendant's criminal history is a valid aggravating circumstance. *See Deloney v. State*, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010), *trans. denied*. The Pre-Sentence Investigation Report (PSI) reveals that Hall's criminal history is, to say the least, lengthy. By our count, Hall had been arrested eighteen times in Iowa, and these arrests led to four felony convictions and eleven misdemeanor convictions. In addition to the instance offense, in 2010, Hall was convicted in Indiana of another misdemeanor. In sum, we find Hall's criminal history was enough to support the enhanced sentence. *See Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013) (noting that a single aggravating factor is sufficient to warrant an enhanced sentence). Based on the foregoing, we are convinced that the trial court relied on proper aggravating factors.

### III. *Inappropriate Sentence*

Next, Hall argues that his sentence is inappropriate in light of the nature of the crime and his character as provided for in App. R. 7(B). The sentencing range for a Class D felony is six months to three years, with one and one-half years being the advisory term. I.C. § 35-50-2-7. Here, the trial court sentenced Hall to the maximum sentence.

Regarding the nature of Hall's offense, there is nothing on record that indicates that his sentence is inappropriate. After being found in contempt for failing to pay his child support payments, the trial court sentenced him to ninety days at the Facility. Hall had been granted leave to be away from the Facility from 8:00 a.m. to 1:00 p.m. After only spending eight days in the Facility, Hall fled the state and was eventually arrested in Illinois and extradited to Indiana. While Hall claims that he "simply walked away on his pass" and that he did not endanger any person or property, we fail to see how his argument validates his reasons for violating the terms of his work release. (Appellant's Br. p. 8). In sum, we find the nature of Hall's offense warrants his sentence.

Turning to his character, Hall committed the instant offense while he was still serving his sentence for nonpayment of child support. Hall concedes that though "he has multiple controlled substance, [] alcohol related [], and minor trespass offenses, the maximum sentence should be left to the worst of the offenders. (Appellant's Br. p. 6). We have previously held that the significance of a defendant's criminal history varies based on the gravity, nature, and number of prior offenses as they relate to the current offense. *Bryant v. State*, 841 N.E.2d 1154, 1156-57 (Ind. 2006). It is also true that "[t]he maximum possible sentences are generally most appropriate for the worst offenders. *Wells v. State*, 904 N .E.2d 265, 274 (Ind. Ct. App. 2009) (citing *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002)), *trans. denied*. But this encompasses a considerable variety of offenses and offenders. Moreover, this rule is "not an invitation to determine whether a worse offender could be imagined, as it is always possible to identify or hypothesize a significantly more despicable scenario, regardless of the nature of any particular offense and offender." *Id.*

Instead, we concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character. *Id*.

Instead of looking for employment when he was out from the Facility, Hall absconded. We find that this demonstrates Hall's persistent inability to abide by the rule of law. Hall's lengthy criminal history in Iowa and his short one in Indiana does not show that he has led a law-abiding life. Over a span of twenty years, Hall was arrested twenty times and, in total, accumulated four felony convictions and twelve misdemeanors. Moreover, we note from the PSI that Hall had been put on probation two times, but had never successfully completed probation. Furthermore, the record shows that the trial court was lenient in ordering Hall to serve the ninety days in the Facility rather than being confined in jail. In conclusion, we find Hall's criminal history in this case shows that he has not been deterred from criminal activity and that, in itself, reflects poorly on his character.

In sum, Hall's constant disregard for the law and his decision to abscond from his work release does not help in advancing his inappropriate argument. Given this record, we conclude that Hall's sentence is appropriate in light of the crime and his character.

## CONCLUSION

Based on the foregoing, we conclude that (1) the trial court relied on proper aggravating factors; and (2) Hall's sentence is not inappropriate in light of the nature of the offense and his character.

7

Affirmed.

MATHIAS, J. and CRONE, J. concur