## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2015, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David S. Murray,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 26, 2015<br><br>Court of Appeals Case No.<br>02A03-1412-CR-428<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable Frances C. Gull,<br>Judge<br><br>Cause No. 02D04-1405-FD-553 |

**Brown, Judge.**

[1] David S. Murray appeals his sentence for theft as a class D felony. Murray raises two issues which we revise and restate as:

    I.     Whether the trial court abused its discretion in sentencing him; and

    II.    Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

[2] On May 12, 2014, Murray knowingly or intentionally exerted unauthorized control over the property of the First Wayne Street United Methodist Church, that being a television, with the intent to deprive the church of any part of the value or use of that property.

[3] On May 16, 2014, the State charged Murray with theft as a class D felony. On August 25, 2014, the court held a hearing regarding Murray's change of plea from not guilty to guilty. The court asked Murray if he had ever been treated for any mental illness or to his knowledge suffered from any mental or emotional disability, and Murray said: "No sir." Guilty Plea Transcript at 4. The court indicated that it had a Drug Court Participation Agreement in front of it, and Murray indicated that he had read and signed the agreement. The agreement stated:

> In addition to the standard conditions of Drug Court you agree to complete the following special conditions: transitional living, intensive out-patient treatment, after care, psychiatric and/or psychological evaluation and comply with recommendations, individual counseling,

changes program, money management international, obtain/maintain documentable employment, AA/NA/CA program, obtain a sponsor, random ETG testing and maintain good behavior. Optional conditions may include pharmacotherapy and if you successfully complete drug court this case will be dismissed.

*Id.* at 7. After further discussion, the court found Murray understood the nature of the charge and had pled guilty. The court took the plea under advisement and ordered Murray be placed in the Drug Court Diversion Program.

[4] On October 6, 2014, Murray was terminated from the Drug Court. On November 25, 2014, the court held a sentencing hearing. Defense counsel argued that Murray had extensive mental health history and had been diagnosed as a paranoid schizophrenic. Defense counsel conceded that "what ever [sic] sentence that the Court deems appropriate in this case should be an executed sentence" and that he did "not believe that [Murray] would be a candidate for probation in this particular case." Sentencing Transcript at 6. Defense counsel also stated: "I don't think given his homeless status, he is a veteran, he's gone through various programs there. I think that it would be better for all concerned if we had an executed sentence." *Id.* The prosecutor emphasized Murray's criminal history and requested at least a two-year executed sentence. When asked by the court if he had any response, defense counsel stated: "No, Your Honor." *Id.* at 9.

[5] Murray stated:

A lot of those cases I received because I was homeless and I didn't have anywhere to go so I would pick up a case on purpose to come

here to jail. This jail saved my life a few times, in that snowy, cold weather. You don't have anywhere to go, I was banned from the Mission and, and . . . from smoking marijuana in the bathroom and there was nowhere for me to go. I couldn't go to my mom's house, I couldn't go anywhere else, I just didn't have to do with anybody else, so a lot of those cases I picked up were because I wanted to go to jail. And I'm a veteran, I fought in the war for good things and good people and kids and I decided that that was just . . . if I do have to go to prison, which I probably will have to, I can always get by with knowing I did the right thing at one time. And my attorney said most of what I agree with and he's a good attorney and thank you, that's all I have to say.

*Id.* at 10.

[6] The court found Murray's plea of guilty, acceptance of responsibility, and mental health history as documented in the presentence investigation report ("PSI") to be mitigators. The court found Murray's extensive criminal record with failed efforts at rehabilitation to be an aggravator. The court sentenced Murray to two years in the Department of Correction ("DOC").

## *Discussion*

### I.

[7] The first issue is whether the trial court abused its discretion in sentencing Murray. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion if it: (1) fails "to enter a sentencing

statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[8] The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id.*

[9] Murray argues that the trial court failed to recognize any of the mitigators except for his guilty plea. He asserts that the unrecognized mitigators include his high school graduation, two years completed at Ivy Tech Community College, service in the Army, history of mental health, guilty plea, acceptance of responsibility, and remorse. The State notes that the court identified two of the circumstances as mitigators, and argues that the court generously recognized mental illness as a mitigating circumstance when there was no evidence in the record beyond Murray's self-report to probation as stated in the PSI.

[10] With respect to his education, the PSI indicates that Murray reported that he graduated from Central High School in Fort Wayne in 1969, attended two years at Ivy Tech Community College, and expressed an interest in learning about computers in the future. However, Murray's trial counsel did not argue that his education constituted a mitigator. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Henley v. State*, 881 N.E.2d 639, 651 (Ind. 2008) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000), *reh'g denied*). Consequently, this argument is waived. *See Hollin v. State*, 877 N.E.2d 462, 464-465 (Ind. 2007) (holding that the argument regarding a GED was precluded from appellate review because the defendant did not argue that his GED should be considered in mitigation).

[11]   With respect to his military service, the PSI reveals that Murray reported that he served in the United States Army from 1971 to 1973 and received an honorable discharge. We observe that service to our country is a commendable act, but military service is not necessarily a mitigating circumstance. *See Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. Murray does not point to any documentation related to his military service and points only to the PSI indicating he reported his service. We cannot say that Murray established that the mitigating evidence was both significant and clearly supported by the record or that the court abused its discretion in failing to find military service as a mitigator.

[12]   As for his remorse, in his statement of facts, Murray points to the PSI which states: "The defendant expressed remorse for his actions. He conveyed, 'I was off my medication when I caught my new case. I was goofy in the head. I wish it wouldn't have happened.'" Appellant's Appendix at 25. We cannot say that Murray expressed remorse at the sentencing hearing and he does not point to the record to show that his defense counsel argued that his remorse constituted a mitigator. We cannot say that the trial court abused its discretion in not finding remorse to be a mitigator.

[13]   To the extent Murray argues that the trial court failed to recognize his mental health, guilty plea, and acceptance of responsibility, we observe that the trial court stated: "The Court does find as mitigating circumstances your plea of guilty and acceptance of responsibility and the mental health history that's been documented in the [PSI] and throughout the drug court program." Sentencing

Transcript at 11. As noted earlier, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Anglemyer*, 868 N.E.2d at 491. We conclude that the trial court did not abuse its discretion.

II.

The next issue is whether Murray's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Murray argues that his sentence is inappropriate because his crime did not involve any violence and he admitted his wrongdoing and pled guilty. He contends that such a crime does not indicate that he is one of the "worst offenders" for whom aggravated sentences are appropriate. Appellant's Brief at 6 (quoting *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002)). He asserts that his character further demonstrates that he is not one of the worst offenders. He requests that this court revise his sentence to six months.

Initially, to the extent Murray claims that he is not one of the "worst offenders," we observe that that phrase was used by the Indiana Supreme Court

where it held that the maximum possible sentences are generally most appropriate for the worst offenders. *See Buchanan*, 767 N.E.2d at 973. Murray did not receive a maximum sentence in this case when the court sentenced him to two years. *See* Ind. Code § 35-50-2-7 (Supp. 2013) ("A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years.").[1]

[17] Our review of the nature of the offense reveals that Murray knowingly or intentionally exerted unauthorized control over the property of the First Wayne Street United Methodist Church, that being a television, with the intent to deprive the church of any part of the value or use of that property.

[18] Our review of the character of the offender reveals that Murray pled guilty as charged. At the guilty plea hearing, Murray denied ever being treated for any mental illness or suffering from any mental or emotional disability. The PSI indicates that Murray reported he was diagnosed with schizophrenia by the Veteran's Hospital in 1980 and was currently taking Prolixin for mental health. He reported serving in the United States Army from 1971 until 1973 and receiving an honorable discharge. Murray reported experimenting with alcohol, marijuana, and heroin, and that he began using cocaine when he was

---

[1] Subsequently amended by Pub. L. No. 158-2013, § 660 (eff. July 1, 2014); Pub. L. No. 168-2014, § 117 (eff. July 1, 2014).

thirty-eight years old, used it as much as he could, and quit prior to beginning the drug court program.

[19] The PSI indicates that Murray has thirteen prior misdemeanor convictions and twelve prior felony convictions and that he had a suspended sentence revoked twice.[2] The PSI indicates that he began the drug court program on August 25, 2014, was arrested on October 1, 2014, for criminal trespass, failed to appear for his case management appointment on October 2, 2014, and was arrested for theft on October 4, 2014. The PSI also indicates that his overall risk assessment score puts him in the high risk to reoffend category. The probation officer completing the PSI recommended that Murray serve two years executed in the DOC.

[20] After due consideration of the trial court's decision, we cannot say that the sentence of two years imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

---

[2] Specifically, Murray was convicted of burglary as a felony in 1976; armed robbery as a felony in 1979; criminal mischief as a misdemeanor in 1982; criminal trespass as a misdemeanor in 1982 and 1983; criminal mischief in 1984; criminal conversion as a misdemeanor in 1986; attempted robbery as a class C felony in 1996; criminal conversion as a misdemeanor in 2000; theft as a class D felony in 2001; public intoxication, criminal trespass, false informing, and criminal conversion in 2004; possession of paraphernalia as a misdemeanor in 2005; possession of paraphernalia as a class D felony and theft as a class D felony in 2006; two counts of possession of paraphernalia as class D felonies in 2007; possession of paraphernalia as a class D felony in 2008; theft as a class D felony in 2009; criminal trespass and auto theft as class D felonies in 2010; and forgery as a class C felony in 2012.

## *Conclusion*

[21] For the foregoing reasons, we affirm Murray's sentence.

[22] Affirmed.

Crone, J., and Pyle, J., concur.