## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Apr 05 2016, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas A. Conway,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 5, 2016<br><br>Court of Appeals Case No.<br>92A03-1510-CR-1676<br><br>Appeal from the Whitley Superior Court<br><br>The Honorable Douglas M. Fahl, Judge<br><br>Trial Court Cause No.<br>92D01-1501-F6-51 & 92D01-1408-CM-422 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Thomas A. Conway (Conway), appeals his sentence following his conviction for Count I, possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3(a)(1); Count II, possession of a narcotic drug, a Level 6 felony, I.C. § 35-48-4-6(a); Count III, unlawful possession of a syringe, a Level 6 felony, I.C. §§ 16-42-19-18, -27; and Count IV, possession of a controlled substance, a Class A misdemeanor, I.C. § 35-48-4-7(a).

We affirm.

# ISSUE

Conway raises one issue on appeal, which we restate as follows:  Whether Conway's sentence is inappropriate based on the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On the morning of January 23, 2015, Officer Jonathon Stoffel (Officer Stoffel) of the Columbia City Police Department was patrolling along U.S. Highway 30 in Whitley County, Indiana.  At approximately 3:30 a.m., Officer Stoffel initiated a traffic stop of a Pontiac sedan after his radar unit indicated that the vehicle was traveling seventy-three miles per hour in a sixty miles per hour zone.  As Officer Stoffel approached the vehicle, he observed five occupants, which prompted him to call for back-up.  Officer Stoffel requested identification from the driver and all four passengers and returned to his squad car in order to

verify the occupants' information. He discovered that one of the passengers, Conway, had an active arrest warrant in Kosciusko County.

[5] By this time, Officer Timothy Pittenger (Officer Pittenger) of the Columbia City Police Department and Sergeant Todd Cook (Sergeant Cook) of the Whitley County Sheriff's Department had arrived to assist with the traffic stop. Due to the warrant, Sergeant Cook placed Conway under arrest and transferred him to his squad car. After it was determined that the vehicle would have to be towed because none of the occupants produced a valid driver's license, Officer Pittenger conducted an inventory search. Officer Pittenger discovered a Marvel Avengers-themed metal box on the floor behind the driver's seat, and Conway had been sitting directly behind the driver at the time of the stop.[1] Inside the box were three silver spoons covered in blue residue, which tested positive for Oxycodone; four hypodermic needles; a gum wrapper containing a white, powdery substance, which field tested positive for methamphetamine; and two pills, which were later identified as Oxycodone. It was subsequently determined that the white substance was heroin, not methamphetamine. Although Conway denied any knowledge of the box or its contents, two of the other passengers stated that the box belonged to Conway.

---

[1] Although Conway was not driving at the time of the traffic stop, the vehicle belonged to Conway's girlfriend. Shortly before Officer Stoffel initiated the stop, Conway had been driving the vehicle and stopped at a gas station where they exchanged drivers.

[6] Later that day, the State filed an Information, which it amended on August 19, 2015, charging Conway with Count I, possession of paraphernalia, a Class A misdemeanor; Count II, possession of a narcotic drug, a Level 6 felony; Count III, unlawful possession of a syringe, a Level 6 felony; and Count IV, possession of a controlled substance, a Class A misdemeanor. On August 19, 2015, the trial court conducted a jury trial. At the close of the evidence, the jury returned a guilty verdict on all Counts.

[7] On September 14, 2015, the trial court held a sentencing hearing. The trial court sentenced Conway to serve one year each on Counts I and IV, fully executed; and two and one-half years each on Counts II and III, with six months of each sentence suspended to probation. The trial court ordered that each of the sentences on the four Counts run concurrently, for an aggregate term of two and one-half years.

[8] Conway now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Conway claims that his sentence is inappropriate. The trial court imposed a sentence of two and one-half years, the statutory maximum, for both of Conway's Level 6 felonies, as well as maximum sentences of one year for each of the two Class A misdemeanors. *See* I.C. §§ 35-50-2-7(b), -3-2. The concurrent terms resulted in an aggregate sentence of two and one-half years, of which six months was suspended to probation. Sentencing is primarily a discretionary function of the trial court and, as such, "the trial court's judgment

should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Nevertheless, even where the trial court has imposed a sentence that is authorized by law, our court may revise the sentence if, "after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[10] The "principal role" of sentence review under Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Ultimately, "whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Although "'reasonable minds may differ' on the appropriateness of a sentence[,]" our review focuses on "the length of the aggregate sentence and how it is to be served." *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind. 2002)); *Cardwell*, 895 N.E.2d at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). Conway bears the burden of proving that his sentence is inappropriate. *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[11] Turning first to the nature of the offense, the evidence establishes that Conway was found in possession of a metal box, the contents of which included: three silver spoons covered with the residue of Oxycodone pills, 0.07 grams of heroin, two tablets of Oxycodone weighing 0.10 grams each, and four syringes. Conway contends that "[t]here was no evidence submitted that he was engaged in dealing these drugs and the relative small amounts signify personal use." (Appellant's Br. p. 13). We agree that the evidence does not indicate that Conway intended to deal the drugs found in his possession, which is precisely why he was charged with lower-level possession crimes and was sentenced accordingly.

[12] As to the nature of the offender, Conway argues that his sentence merits revision because his criminal history consists of only non-violent offenses, most of which were related to substance abuse. [2] While Conway is technically correct about the types of crimes he committed, we find that his criminal history is extensive. Between 1996 and 2014, Conway was convicted of at least ten misdemeanors, including: minor consuming alcohol, driving while suspended, disorderly conduct, possession of paraphernalia (three times), operating while

---

[2] For these same reasons, Conway also cursorily asserts that, while it was proper for the trial court to consider his criminal history as an aggravating circumstance, "it should not have given it so much weight." (Appellant's Br. p. 12). A defendant's criminal history is a valid aggravating factor that a trial court may consider in determining a proper sentence. I.C. § 35-38-1-7.1(a)(2). Moreover, it is well established that "a trial court can not . . . be said to have abused its discretion [by] failing to 'properly weigh' [aggravating and mitigating] factors." *Anglemyer v. State*, 868 N.E.2d 482, 491, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Here, because the trial court issued a sentencing statement, which identified several aggravating circumstances that are supported by the record and found no mitigating factors, the trial court acted within its sentencing discretion. *Id.* at 490-91.

intoxicated (controlled substance), restriction of sale of ephedrine, giving a false name, and conversion. During this time, he was also convicted of at least six felonies, including: possession of precursors (two times), neglect of a dependent, manufacturing methamphetamine, and possession of a controlled substance (two times). Also, Conway was convicted of possession of a controlled substance in Alabama, but it is unclear whether this was a felony or misdemeanor conviction. Furthermore, at the time he committed the present offenses, Conway was on both parole and probation.

[13] In addition, it is clear that Conway suffers from a substance abuse problem. He started using marijuana when he was nineteen years old, and by age twenty-four, he had tried cocaine and was "hooked" on methamphetamine. (Appellant's Conf. App. p. 208). In 2014, Conway began using heroin, "along with whatever 'pill' he could get." (Appellant's Conf. App. p. 208). As noted by the trial court, Conway had previously been given "several opportunities to seek help with regard to alcohol and substance abuse." (Tr. p. 174). While incarcerated, Conway completed substance abuse education programs in Whitley and Kosciusko Counties, as well as a therapeutic program through the Kentucky Department of Correction.

[14] Conway's staggering criminal record and other illegal activities—*i.e.*, illicit drug use—evidence his refusal to lead a law-abiding life. Despite the fact that he has received lenient sentences in the past, including suspended sentences, fines, and probation, none of these measures were sufficient to deter him from committing the present offenses. Likewise, prior efforts at rehabilitation have been

insufficient to prevent Conway from relapsing and committing additional drug-related and other offenses. Accordingly, we decline to exercise our authority under Appellate Rule 7(B) to revise Conway's aggregate two and one-half year sentence.

## CONCLUSION

Based on the foregoing, we conclude that Conway's sentence is not inappropriate.

Affirmed.

Najam, J. and May, J. concur