[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 150.]

CLEVELAND BAR ASSOCIATION *v*. NUSBAUM.

[Cite as *Cleveland Bar Assn. v. Nusbaum*, 2001-Ohio-1305.]

*Attorneys at law—Misconduct—Public reprimand—Advancing client approximately $26,000 for living expenses.*

(No. 01-745—Submitted May 30, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-60.

_____

*Per Curiam*.

{¶ 1} From March 1995 until December 1997, respondent, Alan H. Nusbaum of Cleveland, Ohio, Attorney Registration No. 0003642, represented Mark Jaks, who was severely injured in a motorcycle-truck collision. During the last few months that the case was pending in the Geauga County Court of Common Pleas, respondent advanced funds to Jaks for living expenses because Jaks was unable to work. After the case was settled in December 1997, Jaks repaid the loans.

{¶ 2} On August 14, 2000, relator, Cleveland Bar Association, filed a complaint charging that respondent violated DR 5-103(B) of the Code of Professional Responsibility by making loans to Jaks. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based on agreed stipulations of the parties, the panel found that while representing Jaks, respondent advanced living expenses to him in the approximate amount of $26,000, and concluded that such conduct violated DR 5-103(B) (while representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to the client, except expenses of litigation). In mitigation, the panel noted that no previous disciplinary

actions had been filed against respondent during his twenty-nine years of practice. It noted that Jaks was not harmed but helped by the loans and that the grievance was filed by respondent's ex-wife. The panel also received in mitigation numerous letters attesting to respondent's good character. Among the letters was one from Jaks, who said that he considered respondent to be a friend, that because of his injury he had to undergo twenty operations and was unable to work, and that he could not have survived without respondent's help in obtaining the basic necessities of life. Jaks also claimed that without respondent's assistance he would have had to settle earlier for a lesser amount. The panel recommended that respondent receive a public reprimand.

{¶ 4} The board adopted the findings, conclusion, and recommendation of the panel.

{¶ 5} On review of the record, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

———————————

**LUNDBERG STRATTON, J., concurring.**

{¶ 6} I reluctantly concur in the decision of this court. DR 5-103(B) was quite clearly violated. Good reasons exist for the rule. However, in this case, I believe respondent's action was only altruistic—helping a friedn who suffered a serious motorcycle accident who had to undergo twenty subsequent operations. There was no financial incentive and no financial gain. But Jaks does admit that such assistance enabled him to hold out for a larger settlement, which is perhaps one of the justifications for the rule. Therefore, I reluctantly concur.

_____

*Gary H. Goldwasser* and *Thomas R. Wolf,* for relator.

*Mary L. Cibella* and *Gerald A. Messerman*, for respondent.

_____