**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Geauga Cty. Bar Assn. v. Bond,* **Slip Opinion No. 2016-Ohio-1587.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1587

GEAUGA COUNTY BAR ASSOCIATION *v.* BOND.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Geauga Cty. Bar Assn. v. Bond,* Slip Opinion No. 2016-Ohio-1587.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Public reprimand.*

(No. 2015-1636—Submitted November 17, 2015—Decided April 20, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-014.

_____

**Per Curiam.**

{¶ 1} Respondent, Daniel Earl Bond of Chardon, Ohio, Attorney Registration No. 0003004, was admitted to the practice of law in Ohio in 1975. In an August 11, 2015 amended complaint, relator, disciplinary counsel, charged Bond with multiple violations of the Rules of Professional Conduct after he provided financial assistance to a man whom he believed to be a client but who was

actually a thief. The parties submitted stipulated exhibits and agreed that Bond violated Prof.Cond.R. 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct) by attempting to violate Prof.Cond.R. 1.8(e) (prohibiting a lawyer from providing financial assistance to a client in connection with pending or contemplated litigation except in certain limited circumstances).

{¶ 2} A panel of the Board of Professional Conduct granted the parties' motion to waive the hearing, adopted the parties' stipulated findings of fact, and agreed that Bond violated Prof.Cond.R. 8.4(a) by attempting to violate Prof.Cond.R. 1.18(e). The board adopted the panel's findings of fact and misconduct as well as the panel's recommendation that Bond be publicly reprimanded for that misconduct.

{¶ 3} We find that Bond violated Prof.Cond.R. 8.4(a) by loaning money to a person whom he believed was his client and therefore adopt the board's findings of fact and misconduct, dismiss the remaining alleged violations, and agree that a public reprimand is the appropriate sanction for Bond's misconduct.

**Misconduct**

{¶ 4} On February 18, 2014, Bond filed a report with the Chardon Police Department alleging that he had received a phone call earlier that month from Patrick Paul Heald, who stated that he had been referred to Bond to discuss his personal-injury case. Bond reported that when he met Heald at a diner in Willoughby, Ohio, on February 3, 2014, Heald's right arm was bandaged and he was limping. Heald claimed that he had been badly burned in an industrial accident and requested financial assistance to pay for medication and living expenses until he received his next paycheck. Later that day, Bond entered into a contingent-fee agreement to represent Heald in his personal-injury matter. He also had Heald sign a photocopy of seven $100 bills with the notation, "Temporary loan of $700.00 cash advanced 2/3/14 by Daniel E. Bond to Patrick Paul Heald," and then gave him

the cash and a check for $1,300. Heald did not repay the loan as agreed and made excuses for his failure to do so.

{¶ 5} After receiving a telephone inquiry from another man seeking representation in a personal-injury matter, Bond reported these facts to the Chardon Police Department. Heald was indicted and convicted of theft, for which he was sentenced to eight months in prison and ordered to pay restitution of $2,000 to Bond.

{¶ 6} Because Heald intended to perpetrate a fraud against Bond, the board found that no attorney-client relationship was ever formed and consequently determined that Bond's conduct did not violate Prof.Cond.R. 1.8(e). *See, e.g.*, *Cuyahoga Cty. Bar Assn. v. Hardiman*, 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, ¶ 10, (the determination of whether an attorney-client relationship was created turns largely on the reasonable belief of the prospective client).

{¶ 7} However, the parties stipulated and the board found that Bond's conduct violated Prof.Cond.R. 8.4(a) because he *attempted* to violate Prof.Cond.R. 1.8(e) by loaning money to a person with whom he had contracted to provide legal services. Noting that factual or legal impossibility are not valid defenses to the attempt to commit a criminal offense, the board concluded that Heald's fraud did not excuse Bond's attempt to violate Prof.Cond.R. 1.8(e). *See* R.C. 2923.02(B) (providing that factual or legal impossibility are not valid defenses for a R.C. 2923.02(A) charge of criminal attempt if the underlying offense could have been committed had the attendant circumstances been as the actor believed them to be).

{¶ 8} Relator's amended complaint also alleged violations of Prof.Cond.R. 1.18(a) (providing that a person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client to whom the attorney may owe certain duties) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

But the board recommends that we dismiss these two alleged violations based on the insufficiency of the evidence.

{¶ 9} We adopt the board's findings of fact, agree that Bond's conduct violated Prof.Cond.R. 8.4(a), and hereby dismiss the alleged violations of Prof.Cond.R. 1.8(e), 1.18(a), and 8.4(h).

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 11} The parties stipulated that no aggravating factors are present. Mitigating factors stipulated by the parties include the absence of a prior disciplinary record, Bond's full and free disclosure to the board and his cooperative attitude toward the disciplinary proceedings, and his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The board adopted these stipulations and the parties' recommendation that Bond be publicly reprimanded for his misconduct.

{¶ 12} In support of the recommended sanction, the board cites two cases in which we have publicly reprimanded attorneys for advancing funds to clients in violation of DR 5-103(B) (while representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to the client, except expenses of litigation).[1] *See Cleveland Bar Assn. v. Nusbaum*, 93 Ohio St.3d 150, 2001-Ohio-1305, 753 N.E.2d 183 (publicly reprimanding an attorney with no prior discipline who advanced $26,000 to a personal-injury client); and *Cleveland Bar Assn. v. Mineff*, 73 Ohio St.3d 281, 652

---

[1] Effective February 1, 2007, the Rules of Professional Conduct superseded the Disciplinary Rules of the Code of Professional Responsibility.

N.E.2d 968 (1995) (publicly reprimanding an attorney who provided $5,300 to a client to cover the client's living expenses during the pendency of his workers' compensation claim).

{¶ 13} Having considered Bond's misconduct, the absence of aggravating factors, the presence of several mitigating factors, and the sanctions we imposed for comparable misconduct in *Nusbaum* and *Mineff*, we adopt the board's recommended sanction in this case.

{¶ 14} Accordingly, Daniel Earl Bond is hereby publicly reprimanded. Costs are taxed to Bond.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would dismiss the complaint.

_____

R.C. Swencki & Associates and Ronald C. Swencki; and Joseph H. Weiss Jr., for relator.

Daniel Earl Bond, pro se.

_____